UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA LORI HERNANDEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>             Defendant. | Case No. 1:25-cv-00228-KES-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| MARIA ISABELLA HERNANDEZ, III,<br><br>             Plaintiff,<br><br>     v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>             Defendant. | Case No. 1:25-cv-00259-KES-CDB<br><br>ORDER CONSOLIDATING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |

**Background**

On February 21, 2025, Plaintiff Marissa Lori Hernandez filed a complaint in this Court against Defendant Equifax Information Services, LLC ("Defendant" or "Equifax"). Case No. 1:25-cv-00228-KES-CDB (the "*Marissa Hernandez* Action") (Doc. 1). On February 28, 2025, Plaintiff Maria Isabella Hernandez, III (the alleged wife of Marissa Hernandez, Plaintiff in the *Marissa Hernandez* Action) filed a complaint in this Court against Equifax. Case No. 1:25-cv-

1

1    00259-KES-CDB (the "*Maria Hernandez* Action") (Doc. 1).  On May 21, 2025, following the
2    parties' filing of the joint scheduling report in the earlier-filed *Marissa Hernandez* Action, the
3    Court found the action related to the *Maria Hernandez* Action, concluded the two cases involve
4    common questions of law or fact such that consolidation may be warranted, and ordered the
5    parties to these actions to file a joint report no later than May 30, 2025, in which they set forth
6    their respective positions regarding consolidation.  (*Marissa Hernandez* Action Doc. 14).  That
7    same day, the Court entered the operative scheduling order in the *Marissa Hernandez* Action
8    setting forth discovery, motion and pretrial and trial dates and deadlines.  (*Id.* Doc. 15).

9    On May 30, 2025, in response to the Court's order directing the parties to these actions to
10    file a joint report regarding the parties' respective positions regarding consolidation, the parties
11    filed the joint report.  (*Id.* Doc. 16).

12    Therein, Equifax requests the Court consolidate the actions for all purposes under Federal
13    Rule of Civil Procedure 42(a)(2).  (*Id.* at 1).  Equifax contends the complaints in both actions
14    "assert the exact same alleged violations" against them and the "claims are based on the same set
15    of core facts" including that "the Plaintiffs each disputed with Equifax in June 2024 and that
16    Equifax violated the [Fair Credit Reporting Act ("FCRA")] 'by failing to conduct a reasonable
17    investigation of Plaintiff[s'] June 2024 Dispute, or any reinvestigation whatsoever, to determine
18    whether the disputed information was inaccurate and record the current status of the disputed
19    information.'"  (*Id.* at 2) (citations omitted).

20    Plaintiffs (represented by common counsel in both actions) oppose Equifax's request to
21    consolidate for all purposes, including trial, and contend Equifax "has not met its burden" in
22    "establishing that the judicial economy and convenience benefits of consolidation outweigh any
23    prejudice."  (*Id.* at 4) (citing *Single Chip Sys. Corp v. Intermec IP Corp.*, 495 F. Supp. 2d 1052,
24    1057 (S.D. Cal. 2007)).  Plaintiffs contend that "[t]hough both cases involve the broad issue of
25    file mixing, the specific misconduct and injury in each case differ materially" as the *Marissa*
26    *Hernandez* Action involves claims that "focus on the inclusion of inaccurate third-party data and
27    Equifax's failure to reasonably reinvestigate her dispute" while the *Maria Hernandez* Action
28    alleges an "essentially empty" Equifax file "reporting no credit history at all" and also "a distinct

2

1  claim … asserting that Equifax impermissibly furnished a consumer report that did not accurately
2  reflect her credit history[.]"  (*Id.*) (emphases omitted).  Plaintiffs concede that "[s]hould the Court
3  find some efficiency" in consolidation, it "be limited to discovery and pre-trial proceedings[.]"
4  (*Id.* at 5).

5  **Discussion**

6  When multiple actions pending before a court involve common questions of law or fact,
7  the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate
8  the actions; and/or issue any other orders to avoid unnecessary cost or delay.  Fed. R. Civ. P.
9  42(a).  The court has "broad discretion" to determine whether and to what extent consolidation is
10 appropriate and may undertake consolidation *sua sponte*.  See *Garity v. APWU Nat'l Labor Org.*,
11 828 F.3d 848, 855-56 (9th Cir. 2016) (citing *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent.*
12 *Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)); *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487
13 (9th Cir. 1987) (court may consolidate actions *sua sponte*).  "Typically, consolidation is a favored
14 procedure."  *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL
15 3943872, *2 (E.D. Cal. Aug. 21, 2019) (citing *In re Oreck Corp. Halo Vacuum & Air Purifiers*
16 *Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)).  In deciding whether to
17 consolidate actions, the court "weighs the saving of time and effort consolidation would produce
18 against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743
19 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp.2d 1052,
20 1057 (S.D. Cal. 2007).

21 Here, based on the Court's review of the pleadings in both actions and the parties'
22 respective positions regarding consolidation in the joint report, the Court finds there are
23 significant and substantial common issues of fact and law that warrant consolidation under Rule
24 42(a) and Local Rule 123.

25 Both actions assert substantially similar facts, arising out of Equifax's error in mixing files
26 between the Plaintiffs and that Equifax failed to conduct a reasonable investigation based on the
27 Plaintiffs' disputes in June 2024.  See (*Marissa Hernandez* Action Doc. 1); (*Maria Hernandez*
28 Action Doc. 1).  Both actions allege that the Plaintiffs applied for a credit card with PenFed

Credit Union and were denied "based on Equifax's reported information. (*Marissa Hernandez* Action Doc. 1 ¶¶ 125, 129); (*Maria Hernandez* Action Doc. 1 ¶¶ 116, 120).

In addition to a common defendant in Equifax, it appears to the Court that these two actions share common questions of fact and law, with both actions asserting similar causes of action under the FCRA and the California Consumer Credit Reporting Agencies Act ("CCRAA"). (*See generally id*.). The relief requested in both complaints is substantially similar. (*Marissa Hernandez Action* Doc. 1 at 31-32); (*Maria Hernandez* Action Doc. 1 at 32-33). Currently, both actions are in a similar procedural posture, with an operative scheduling order entered in the earlier-filed *Marissa Hernandez* Action and, at the agreement of the parties, the scheduling conference vacated in the *Maria Hernandez* Action with a scheduling order to enter following the Court's review of the parties' joint consolidation report. (*Maria Hernandez* Action Doc. 12). Counsel for the parties is the same in both actions.

The Court has considered Plaintiffs' claims of prejudice, confusion, and difficulty and find they have failed to show consolidation of the two actions is not appropriate. The Court disagrees that Plaintiff Maria Hernandez, III, would face any inefficiency, inconvenience, or unfair prejudice by virtue of her asserting a "distinct claim" that "Equifax impermissibly furnished a consumer report that did not accurately reflect her credit history" (*Maria Hernandez* Action Doc. 1 ¶¶ 129, 149-55) in a consolidated action. *See, e.g.*, *P.S. v. City of San Fernando*, No. CV 21-4918 PA (PVCx), 2022 WL 3016257, at *1-2 (C.D. Cal. Apr. 11, 2022) (fact that one plaintiff's claims involved a distinct legal theory not asserted by the other plaintiff not a basis to decline consolidation).

Absent consolidation, the Court would anticipate addressing substantially similar issues in each case involving discovery, motion practice, and pre-trial proceedings, as well as in trial itself. It follows that consolidation would likely expedite the litigation, rather than cause any delay. The questions presented do not evidence a high likelihood of confusion and the parties involved are relatively few. The Court cannot discern any resulting prejudice to any of the parties due to consolidation and, further, consolidation will avoid the risk of inconsistent verdicts in related cases.

Finally, the benefit of consolidation would reduce the burden on judicial resources, the parties, and any potential witnesses, eliminate the risk of inconsistent adjudications, avoid prejudice, and allow for the orderly and expeditious resolution of all cases.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The following actions are CONSOLIDATED under Rule 42(a) for all purposes:
    a. The lead case, *Marissa Lori Hernandez v. Equifax Information Services, LLC*, Case No. 1:25-cv-00228-KES-CDB;
    b. *Maria Isabella Hernandez, III v. Equifax Information Services, LLC*, Case No. 1:25-cv-00259-KES-CDB.
2. All further filings in this consolidated action shall be made in lead case *Marissa Lori Hernandez v. Equifax Information Services, LLC*, Case No. 1:25-cv-00228-KES-CDB.
3. The Clerk of the Court is directed to close member case *Maria Isabella Hernandez, III v. Equifax Information Services, LLC*, Case No. 1:25-cv-00259-KES-CDB; and
4. The case management dates of the operative scheduling order in the lead case (*Marissa Hernandez* Action Doc. 15) shall operate in this consolidation action.

IT IS SO ORDERED.

Dated: **June 4, 2025**

UNITED STATES MAGISTRATE JUDGE